**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**CHERYL DAVIDSON,**                    :

      **Plaintiff**                    :

                     **CIVIL ACTION NO. 3:05-1929**

      **v.**                    :

                     **(MANNION, M.J.)**

**BRETHREN MUTUAL INSURANCE** :
**COMPANY,**

                     :

      **Defendant**                    :

                     :

**M E M O R A N D U M**

Presently pending before the court is the defendant's motion for summary judgment.  (Doc. No. 17).  Based upon the court's review of the record, as well as consideration of the oral argument held on June 29, 2007, the defendant's motion will be granted.

**Procedural Background**

By way of procedural background, on July 20, 2005, the plaintiff commenced an action in the Court of Common Pleas of Schuylkill County, Pennsylvania, by the filing of a writ of summons.

On August 3, 2005, the defendant filed a praecipe to file a complaint pursuant to Pennsylvania Rule of Civil Procedure 1037(a), and the Prothonotary of Schuylkill County issued a Rule upon the plaintiff to file a complaint.

On August 25, 2005, the plaintiff filed a complaint against the defendant

in the Court of Common Pleas of Schuylkill County.

On September 23, 2005, the defendant filed a notice of removal in this court.  In addition, the defendant filed an answer to the plaintiff's complaint.

On November 12, 2006, the defendant filed the instant motion for summary judgment, along with a supporting brief, statement of material facts and supporting exhibits.  After having been granted an extension of time to do so, on March 19, 2007, the plaintiff filed a brief in opposition to the defendant's motion.  Supporting exhibits were filed by the plaintiff on March 23, 2007[1].  In the meantime, the defendant filed a reply brief on March 20, 2007.  A supplemental reply brief was filed by the defendant on March 27, 2007.

Upon the request of the plaintiff's counsel, oral argument was held on the motion for summary judgment on June 29, 2007.  At oral argument, the plaintiff's counsel officially withdrew Count IV of the complaint, which alleges a violation of the Unfair Trade Practices and Consumer Protection Law.  In addition, counsel conceded that Count V of the complaint which alleges negligence was "not legitimate."  Therefore, Counts IV and V are considered withdrawn and will not be discussed further in this memorandum.

---

[1]The plaintiff also filed a supporting exhibit on March 20, 2007, marked "Exhibit 1," which appears to be identical to "Exhibit 1" of the plaintiff's March 23, 2007, filing.

## Standard of Review

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).

The Supreme Court has stated that:

> ". . . [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. Id. The moving party can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.

Issues of fact are genuine "only if a reasonably jury, considering the evidence presented, could find for the nonmoving party."  Childers v. Joseph,

3

842 F.2d 689, 693-94 (3d Cir. 1988)(citations omitted). Material facts are those which will effect the outcome of the trial under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The court may not weigh the evidence or make credibility determinations. <u>Boyle v. County of Allegheny</u>, 139 F.3d 386, 393 (3d Cir. 1998). In determining whether an issue of material fact exists, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. <u>Id.</u> at 393.

If the moving party meets his initial burden, the opposing party must do more than raise some metaphysical doubt as to material facts, but must show sufficient evidence to support a jury verdict in its favor. <u>Id.</u>

## **Discussion**

The allegations of the plaintiff's complaint are summarized as follows:

The defendant issued the plaintiff a fire insurance policy on November 11, 1999, which would cover damages to her property from a loss caused by fire, and which was in effect on February 5, 2004. On that date, the plaintiff's home at 19 Long Row, Gilberton, Pennsylvania, was destroyed by fire. As a result of the fire, the plaintiff lost all of her earthly possessions and was left homeless for a period of time.

According to the plaintiff, the losses due to the fire were within the scope of her coverage with the defendant. As a result, she filed a claim for benefits under the policy. The plaintiff alleges that the defendant did not

4

provide her with appropriate temporary housing or shelter, as per her insurance agreement, for a period of 309 days.  The defendant ultimately denied the plaintiff's claim on December 10, 2004.

The plaintiff contends that her claim was denied by the defendant without reasonable proof for the denial.  To this extent, the plaintiff claims that she was provided only with a copy of her statement under oath and a list of rules, per her insurance contract, that she allegedly broke, including an accusation that she lied during her statement, and that she intentionally failed to disclose a prior loss by fire on her application for insurance with the defendant.  The plaintiff alleges that she did disclose the information, and that the insurance agent indicated that, "It didn't matter."  Moreover, the plaintiff claims that she did not complete the application, but that the agent did so. In addition, the plaintiff claims that the prior fire was at the same location as the Long Run property which was subject to inspection, and that the prior fire would have been obvious upon inspection.

According to the plaintiff, she paid her premiums for five years, and the defendant renewed her policy annually.  The defendant continued to accept the plaintiff's premiums after the fire, until her claim was ultimately denied.  At all times, the plaintiff alleges that she acted in accordance with the terms of her agreement with the defendant, including taking such actions as promptly notifying her insurer, paying all premiums in a timely manner, and submitting a statement of oath.

5

The plaintiff alleges that the defendant had an obligation to abide by the contract and the covenant of good faith and fair dealing which was implied by law in the agreement, but that the defendant breached the covenant by unilaterally and intentionally refusing, in bad faith, to follow through with the terms of the contract.

Upon retaining legal counsel, the plaintiff alleges that a copy of the policy was requested of the defendant's counsel on February 1, 2005, which was withheld until February 21, 2005, after the applicable statute of limitations expired.

The plaintiff brought the instant action setting forth claims for a declaratory judgment seeking recovery of policy benefits (Count I), breach of contract (Count II), breach of fiduciary duty (Count III), violation of the Unfair Trade Practices and Consumer Protection Law (Count IV), negligence (Count V), and fraudulent misrepresentation (Count VI)[2].

In its motion for summary judgment, the defendant argues that the plaintiff's claims are barred by a one-year suit limitation clause in the insurance policy which requires that any suit be filed within one year of the date of loss.  The condition at issue is set forth as follows:

---

[2]As previously discussed, Counts IV and V have been withdrawn.

6

SECTION 1 - CONDITIONS

* * *

8. Suit Against Us. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.[3]

* * *

At oral argument, the plaintiff's counsel conceded that the one-year limitations period is applicable to all of the claims raised in the plaintiff's complaint.  However, he argued that, to the extent that the limitations period is statutory[4], the defendant waived any right to assert the limitations period by failing to use due diligence in the investigation of the plaintiff's claim.  To the extent that the limitations period is contractual, counsel argued that the contract is ambiguous in that it does not define "date of loss" and, therefore, should be construed against the defendant.

With respect to counsel's arguments, Pennsylvania's highest court has consistently viewed the one-year limitation of suit provision as a matter of contract and not of statute.  See Marshall v. Aetna Cas. & Sur. Co., 643 F.2d 151, 153 (3d Cir. 1981).  Specifically, in Lardas v. Underwriters Ins. Co., 231 A.2d 740, 741-42 (Pa. 1967), the court upheld the validity of the language

---

[3]Pursuant to Pennsylvania statute, fire insurance policies are required to include this or similar language.  See 40 P.S. §636(2).

[4]See n.3.

7

limiting suit, but observed that "[t]his is not a statute of limitation imposed by law; it is a contractual undertaking between the parties and the limitation on the time for bringing suit is imposed by the parties to the contract." See also General State Authority v. Planet Ins. Co., 346 A.2d 265, 267 (Pa. 1975). Similarly, in Commonwealth v. Transamerica Ins. Co., 341 A.2d 74 (Pa. 1975), the court noted that, as a contractual provision, the length of time for bringing suit may be extended or waived by the conduct of the insurer.

The defendant argues that the fire loss occurred on February 5, 2004, and that the plaintiff did not commence the instant action until July 20, 2005, by way of the filing of a writ of summons in the Court of Common Pleas of Schuylkill County. Because over seventeen months passed after the fire loss before the plaintiff initiated the instant action, the defendant argues that the action is untimely.

The plaintiff argues that the insurance policy does not define "date of loss," and the term is therefore ambiguous. Under the terms of the policy, the plaintiff argues that the date of fire was a date of "occurrence," not a date of "loss". The plaintiff argues that the date of loss did not mature until December 10, 2004, when plaintiff's claim was denied. As such, the plaintiff argues that the court should commence the one-year limitation no earlier than December 10, 2004[5].

---

[5]Counsel conceded at oral argument that he is unaware of any case law
(continued...)

An ambiguity exists when a policy provision is reasonably susceptible to more than one meaning.  Caln Village Associates, L.P. v. The Home Indemnity Company, 75 F.Supp.2d 404 (E.D.Pa. 1999)(citing Tenos v. State Farm Ins. Co., 716 A.2d 626, 629 (Pa.Super. 1998)(citations omitted)).  This is not a case where the clause is susceptible to more than one interpretation.  The policy provides that the limitations clause runs from the "date of loss."  The court is compelled to find that the suit limitations clause runs from the date the loss insured against, occurred.  In this case, the date of loss is clearly the date of the fire on February 5, 2004. This conclusion is supported by numerous decisions of both the Pennsylvania state and federal courts, which have held that "date of loss" and "inception of loss" provisions mean that the one-year limitation clause "runs from the date of the occurrence of the destructive event or casualty insured against."  Bostick v. ITT Hartford Group, Inc., 56 F.Supp.2d 580 (E.D.Pa. 1999)(citing General State Authority v. Planet Insurance Company, supra.  See also Fennell v. Nationwide Mutual Fire Insurance Company, 603 A.2d 1064, 1068 (Pa.Super. 1992)(citing Petraglia v. American Motorists Insurance Co., 424 A.2d 1360, 1362 (Pa.Super. 1981), aff'd, 444 A.2d 653 (Pa. 1982)); First Federal Sav. & Loan Ass'n of Pittston v. Cambridge Mut. Fire Ins., 1984 WL 345 (Pa.Com.Pl.)(citing Satchell v. Ins. Placement Fac. of Pa., 361 A.2d 375 (1976)).

---

[5](...continued)
supporting his interpretation.

In response to the motion for summary judgment, the plaintiff argues that, assuming the one-year limitations period is applicable from the date of the fire, the defendant waived its right to assert this defense by its conduct[6].

It is well-settled that a contractual limitations period "may be extended or waived where the actions of the insurer lead the insured to believe that the contractual limitation period will not be enforced." Esbrandt v. Provident Life & Acc. Ins. Co., 559 F.Supp. 23, 25 (E.D.Pa.1983) (quoting Schreiber v. Pa. Lumberman's Mut. Ins. Co., 444 A.2d 647, 649 (Pa.1982)).  Courts have held that insurance companies waived their limitation of suit provisions where they have either deliberately misled the insured to believe the provision would not be enforced or where they deliberately delayed investigation of a claim until the limitation period had run.  See Arlotte v. National Liberty Ins. Co., 167 A. 295 (Pa.1933) (holding that action was not time-barred where insurer misrepresented terms of insured's policy); Commonwealth of Pennsylvania v. Transamerica Ins. Co., 341 A.2d at 76 (holding that action not time-barred where insurer decided to deny claim in advance, but portrayed to insured a bona fide investigation until after suit limitation in policy expired).

In Lardas v. Underwriters Ins. Co.,supra, the court recognized that an

---

[6]As previously discussed, at oral argument, plaintiff's counsel indicated that this argument would only apply if the statute of limitations was statutory, as opposed to contractual. Because the court is of the opinion that the defendant could have waived the provision even if it were contractual, it will address the plaintiff's arguments relating to waiver.

insurer could be estopped from asserting the suit limitation clause if it induced or persuaded the insured not to file suit within the contractually agreed period.

"Where the insurer affirmatively misleads the insured about the possibility of settlement, dissuades him from filing suit or induces him to believe that it will not enforce the limitations period, courts construe this conduct as violative of the insurer's duty of "utmost good faith and fair dealing" . . . To prevent the insurer from profiting from its own misbehavior, courts do not interpret the clause strictly . . . Importantly, the insured must be given an opportunity to establish a fact question on this issue. Pini v. Allstate Insurance Co., 499 F.Supp. 1003 (E.D.Pa.1980), aff'd without opinion, 659 F.2d 1070 (3rd Cir.1981).

With respect to the issue of waiver, the plaintiff initially argues that the defendant waived the defense of the limitation of suit provision in failing to specifically inform her that it would be enforcing the limitation of suit clause in the policy prior to denying her claim.  The plaintiff argues that the defendant did cause a detailed, nine-page letter to be sent to her which set forth her rights and obligations under the policy.  This letter did not, however, specify that the defendant would be enforcing the one-year limitations provision.

Unfortunately for the plaintiff, the defendant was under no such duty to affirmatively inform the plaintiff that she would be subject to the one-year limitations provision contained in the policy.  See Waldman v. Pediatric Services of America, Inc., 1998 WL 770629, *8 (E.D.Pa.)(defendant was

11

under no duty to remind plaintiffs of the limitation of suit clause in the policy)(citing <u>Lardas</u>, 231 A.2d at 741 (stating that one year suit limitation is clear and unambiguous)).

The plaintiff further argues that the defendant waived the limitations defense in that the letter detailing her rights and obligations under the policy, as well as other correspondence sent by the defendant asserting a reservation of rights, were sent to her despite the fact that the defendant allegedly had knowledge that she was suffering from a form of mental illness, which required a period of hospitalization and residential care.

However, even assuming *arguendo* this were true, in Pennsylvania, a party's mental incapacity does not toll the statute of limitations. 42 Pa.C.S.A. §5533; <u>see</u> <u>Walker v. Mummert</u>, 146 A.2d 289, 291 (Pa.1959)(holding that plaintiff's mental incapacity did not toll statute of limitations in personal injury action); <u>Baily v. Lewis</u>, 763 F.Supp. 802, 808 (E.D.Pa.1991)("[C]ourts applying Pennsylvania law have consistently stated that the statute of limitations runs against persons under a disability, including one who is mentally incompetent.") (citations omitted).

Moreover, despite the claim that the plaintiff was unable to comply with the statute of limitations due to mental illness, the court notes that counsel conceded at oral argument, that she was able to comply with <u>all</u> of her other duties under the terms of the contract, while allegedly suffering from mental health issues.

12

The plaintiff next argues that waiver applies where the defendant's conduct was continuing and occurred "to the very end or near to the end of the period of limitation, or until there was not a reasonable amount of time remaining in which to bring suit within the limitations period after the claimant is no longer justified in relying on the insurer's conduct because of a denial of liability or a refusal to pay."   Plaintiff's counsel argues that, after being retained by the plaintiff, he contacted defense counsel on February 1, 2005, near the end of the alleged period of limitations.  During this conversation, plaintiff's counsel indicates that defendant's counsel knew that he did not have relevant documents, knew that the plaintiff intended to bring an action to enforce her claim, and knew that the plaintiff suffered from mental illness. Despite this knowledge, plaintiff's counsel argues that defense counsel did not inform him that the limitations provision would be enforced and withheld a copy of the insurance policy until February 21, 2005, after the period of limitations had expired.

The record in this case reflects that, on several occasions, the defendant reserved all of its rights under and pursuant to the policy of insurance at issue, in correspondence to the plaintiff and her representatives, both before and after the running of the statute of limitations.  The defendant finally denied the plaintiff's claim on December 10, 2004, again reserving all of its rights under the provisions of the policy.  The plaintiff had almost two

months after the final rejection of her claim to file her suit in a timely manner[7]. The plaintiff retained counsel[8] and her counsel was in contact with defense counsel prior to the expiration of the statute of limitations.  The record reflects that the plaintiff's counsel was aware of the defendant's reservation of rights and that the claim was finally denied prior to the running of the statute of limitations.  As indicated previously, the defendant was under no duty to inform the plaintiff's counsel of the one-year limitations period.  Moreover, there is no evidence in the record that the time in sending the plaintiff's counsel a copy of the policy was in any way an attempt on defense counsel's part to deliberately cause the plaintiff's claim to fall outside of the limitations period.  Finally, the court notes that there is no indication in the record that the plaintiff's counsel, knowing that the plaintiff intended to bring an action to enforce her claim, could not have filed a writ of summons in the state court to toll the limitations period prior to receiving a copy of the policy from defendant. The record reflects, in fact, that the plaintiff waited almost five months after receiving a copy of the policy to file the writ of summons.

---

[7]The court notes that in Pini, supra, although the court did not specify an exact date, the loss occurred sometime in April, 1979.  The defendant rejected the plaintiff's claim on March 24, 1980. Thus, plaintiff had somewhere between one and five weeks after he was rejected in which to file a lawsuit, a far shorter period than in the instant case.

[8]In fact, at oral argument counsel for the plaintiff advised that the plaintiff had sought out other counsel before him, (clearly this would have had to have been before the running of the limitations period) but none were willing to take her case.

Finally, to the extent that the plaintiff argues that the defendants actions in denying her claim were in bad faith, in Pini, supra, the plaintiff filed suit against his insurer after the insurer refused to provide coverage for a loss. The insurer moved to dismiss because the suit was filed more than a year after the loss, in violation of the policy's one year limitation on suit clause. The plaintiff tried to avoid dismissal by claiming that the insurer's denial of coverage had been in bad faith, and that by this bad faith behavior the insurer had waived the one year limit.  The court rejected plaintiff's argument, and granted the motion to dismiss, holding that it was irrelevant if the denial of claim had been in good or bad faith, since the insurer "expressed its intention not to pay within sufficient time for plaintiff to file suit."  Pini, 499 F.Supp. at 1005.  Thus, even if the denial had been in bad faith, the plaintiff "still had sufficient time within which to comply with the terms of the policy."  Id.

Here, as discussed previously, the plaintiff had sufficient time to initiate an action prior to the expiration of the limitations period.  Therefore, even assuming *arguendo* that the defendant acted in bad faith in denying the plaintiff's claim, it would not change the legally required result.

The court has reviewed the instant motion for summary judgment in the light most favorable to the plaintiff as the non-moving party, and considered all arguments raised by her counsel at oral argument.  While the court certainly sympathizes with the plaintiff in light of her most unfortunate circumstances, including the loss of her home and possessions, it is

15

compelled to follow the law which dictates the outcome of the instant case, and unfortunately for the plaintiff, the law appears clear.

Based upon the foregoing, the court finds that the plaintiff's action is barred by the one-year limitations provision contained in the policy and the defendant's motion for summary judgment will be granted.  An appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**


**Date:  July 5, 2007**
O:\shared\MEMORANDUMS\2005 MEMORADUMS\05-1929.01.wpd

16

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**CHERYL DAVIDSON,**          **:**

  **Plaintiff**              **:**

                              **CIVIL ACTION NO. 3:05-1929**

  **v.**                     **:**

                              **(MANNION, M.J.)**

**BRETHREN MUTUAL INSURANCE**  **:**
**COMPANY,**

                              **:**

  **Defendant**              **:**

                              **:**

# O R D E R

Based upon the memorandum issued by the court this same day,

**IT IS HEREBY ORDERED THAT:**

1)    the defendant's motion for summary judgment, **(Doc. No. 17)**, is **GRANTED**.

2)    The jury trial previously scheduled for July 16, 2007 is cancelled.

3)    The clerk is directed to close the case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:  July 5, 2007**
O:\shared\MEMORANDUMS\2005 MEMORADUMS\05-1929.01.wpd